ELLEN MCGLYNN, State Bar No. 270367
ellen.mcglynn@cwn-law.com
ANUSHA PILLAY, State Bar No. 270752
anusha.pillay@cwn-law.com
COLLIER WALSH NAKAZAWA LLP
One World Trade Center, Suite 2370
Long Beach, California 90831
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for TT CLUB MUTUAL INSURANCE LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TT CLUB MUTUAL INSURANCE LTD., a United Kingdom company,<br><br>Plaintiff,<br><br>v.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No.  2:24-cv-08307<br><br>**COMPLAINT FOR EQUITABLE INDEMNITY, EQUITABLE CONTRIBUTION, EQUITABLE SUBROGATION AND DECLARATORY RELIEF** |

Plaintiff TT Club Mutual Insurance Ltd. files this Original Complaint against Defendant ACE Property and Casualty Insurance Company. Based on knowledge, information, and belief, plaintiff alleges the following:

## I.  PARTIES

1.  Plaintiff TT Club Mutual Insurance Ltd. ("the Club") is, and at all relevant times was, organized under the laws of the United Kingdom with its principal place of business in London, UK. Plaintiff has representatives within the United States and provides insurance to its members and/or assureds operating in the United States, including Mainfreight, Inc., a Delaware corporation.

2. Defendant ACE Property and Casualty Insurance Company ("ACE") is, and at all relevant times was, an insurance company organized and existing under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

## II.  JURISDICTION AND VENUE

3. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds the jurisdictional sum of $75,000.00, exclusive of interest and costs.

4. The Court has personal jurisdiction over ACE due to ACE's business activities in the State of California.

5. This Court may declare the rights and other legal relationships between Plaintiff and Defendants pursuant to 28 U.S.C. § 2201, because an actual controversy exists between them within the jurisdiction of the Court.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims asserted herein occurred in this District, including the issuance of the subject insurance policies, the location of the loss event, and the litigation of the underlying action.

## III.  FACTUAL AND PROCEDURAL BACKGROUND

7. In this action, the Club seeks equitable indemnity and equitable contribution from ACE, in addition to a declaration of rights with respect to amounts paid by the Club for the defense of their mutual assured, Mainfreight, Inc. ("Mainfreight"), in connection with a lawsuit for wrongful death and personal injuries allegedly sustained by Susan Thoele, Benjamin Thoele, and Timothy Thoele, as Trustee for the Surviving Next-of-Kin of Thomas Thoele, Deceased, arising from a motor vehicle accident. That lawsuit, referred to herein as the "Thoele Action," was filed in the Superior Court in the State of California, County of Los Angeles, and styled Case No. 21STCV00887.

**The Underlying Thoele Action**

8. This suit arises from an incident in which Thomas Thoele ("Decedent") was allegedly injured in a vehicular collision on or about January 11, 2019 (the "Incident"), and subsequently died, allegedly as a result of that incident.

9. Decedent's wife, Susan Thoele ("Ms. Thoele"), was riding in the passenger seat of Decedent's pick up truck at the time of the Incident, and sustained injuries allegedly as a result of the Incident.

10. On January 8, 2021, the Thoele Action was initially filed in the Superior Court in the State of California, County of Los Angeles, naming as defendants Mainfreight Limited, Mainfreight, Inc., Mainfreight International, Inc., Mainfreight, DLR Autotransportes, LLC, Jose Antonio Sanchez-Cortes, Universal Environmental Technologies, Inc., and DOES 1 through 20. The plaintiffs in the Thoele Action ("Thoele Plaintiffs") sought damages arising from the death of the Decedent and for personal injuries allegedly sustained by Decedent prior to his death, arising out of the Incident. The Thoele Plaintiffs also sought damages for personal injuries and loss of consortium allegedly sustained by Ms. Thoele arising out of the Incident. In their original Complaint, the Thoele Plaintiffs alleged that Mainfreight was acting as a motor carrier and/or exerted control over its underlying co-defendant DLR Autotransportes, LLC and/or the driver to such extent that Mainfreight had auto liability exposure. Thoele Plaintiffs brought claims against Mainfreight for, *inter alia*, vicarious liability for the negligence of driver Jose Antonio Sanchez-Cortes, direct negligence, negligence per se, statutory employment, master/servant liability, and joint venture liability.

11. On February 18, 2021, the Thoele Plaintiffs filed their First Amended Complaint.

12. On December 22, 2021, the Thoele Plaintiffs filed their Second Amended Complaint, which remains the operative pleading ("the Thoele Complaint"). The Thoele Complaint is attached hereto as **Exhibit A**.

13. The Thoele Complaint alleges that on or before January 11, 2019, Mainfreight entered into a contract with Universal Environmental Technologies, Inc. to transport and/or arrange for the transportation of a tap water reverse osmosis system from Carson, California to Chihuahua, Mexico. It also alleges that Mainfreight hired DLR Autotransportes, LLC ("DLR") and DLR driver Jose Antonio Sanchez-Cortes ("Sanchez-Cortes") to transport the system using a 2019 International Tractor pulling a 2017 Hyundai Van Trailer (together, "18-wheeler"), which was allegedly owned and/or leased by DLR. Additionally, it alleged that Mainfreight was electronically monitoring and tracking the 18-wheeler at all material times. The Complaint further alleges that Mainfreight owed a non-delegable duty to third persons to ensure that its sub-hauler operates in a non-negligent manner. According to the Thoele Complaint, Decedent and Ms. Thoele were driving on U.S. 90 near Sanderson, Texas, when Sanchez-Cortes lost control of the 18-wheeler due to negligent operating, causing the 18-wheeler to collide with the pick up truck Decedent was driving. The Thoele Complaint alleges that as a result of the head-on crash, Decedent was injured and killed, and Ms. Thoele sustained serious and life-altering injuries.

**The ACE Policy**

14. ACE issued Policy No. MCC H08463219, effective July 1, 2018 to July 1, 2019, under which Mainfreight is a named insured ("the ACE Policy"). The ACE Policy bears limits of $1,000,000.00 per any one accident for "Any 'Auto.'" A copy of the ACE Policy is attached hereto as **Exhibit B** and is incorporated herein.

15. The ACE Motor Carrier Policy provides in pertinent part:

SECTION II – COVERED AUTOS LIABILITY COVERAGE

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

…

> We will have the right and duty to defend any "insured" against a "suit" asking for such damages
>
> …
>
> SECTION VI – DEFINITIONS
>
> G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**Defense and Settlement of the Thoele Action**

16. ACE acknowledged the claim on or about April 6, 2021.

17. ACE never issued a reservation of rights under the ACE Policy.

18. The Club incurred $876,735.39 in defense costs, comprised of attorney's fees and costs, as a result of defending Mainfreight in the Thoele Action.

19. During a telephone call in or about March 2023 with multiple insurers, Harry Staunton, on behalf of ACE, committed to ACE's sharing of defense fees and costs with the Club and Mainfreight's other primary insurer, National Union Fire Insurance Company of Pittsburg ("National Union").

20. The Club subsequently requested from Harry Staunton payment of ACE's one third share of defense costs in the amount of $292,245.13, which was met with no objection from ACE.

21. The Thoele Action was dismissed with prejudice on or about September 8, 2023, following a settlement funded by Mainfreight's various insurers including ACE.

22. The Club subsequently requested payment of ACE's one third share of defense costs in the amount of $292,245.13, which was met with no response from ACE, despite ACE's earlier representations. To date, ACE has failed to render said payment of any defense fees and/or costs incurred in the underlying action.

///

## IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION: EQUITABLE CONTRIBUTION**

23. Plaintiff repeats and realleges the facts and allegations in the preceding paragraphs, as if fully set forth herein.

24. In the Thoele Action, the Thoele Plaintiffs sought to impose a loss on Mainfreight that is covered under the ACE Policy and for which ACE is legally responsible. The damages sought in the Thoele Action are alleged to have arisen by way of Mainfreight's auto liability, the risk for which Mainfreight was insured under the ACE Policy.

25. ACE's policy obligations to Mainfreight were primary, and not excess.

26. The Club also provided cover to Mainfreight for Mainfreight's liability for death or injury of any third party.

27. Mainfreight has incurred a loss by way of the Thoele Action.

28. ACE had an obligation to defend and indemnify Mainfreight against the Thoele Action pursuant to the ACE Policy.

29. The Club defended Mainfreight against the Thoele Action with no participation by ACE.

30. In light of the language therein, the ACE Policy obligates ACE to cover the costs of defense and indemnification of Mainfreight in the Thoele Action.

31. The Club did not act as a volunteer in defending Mainfreight with respect to the Thoele Action.

32. The Club has paid more than its share of loss in its defense and indemnification of Mainfreight in the Thoele Action.

33. The Club is entitled to equitable contribution from ACE for $292,245.13 to defend and indemnify Mainfreight in the Thoele Action.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION: EQUITABLE INDEMNITY

34. Plaintiff repeats and realleges the facts and allegations in the preceding paragraphs, as if fully set forth herein.

35. ACE was obligated to defend Mainfreight against the Thoele Action because liability arose out of Mainfreight's auto liability exposure.

36. Despite ACE's contribution of indemnity payments to the settlement of the Thoele Action, and despite acknowledging that there was for coverage under the ACE Policy, ACE has neglected to reimburse the Club for ACE's share of defense costs.

37. As a result of ACE's failure to defend Mainfreight, Plaintiff took on the burden of protecting Mainfreight and defended Mainfreight in the underlying action, ultimately funding Mainfreight's defense costs without any contribution from ACE.

38. The Club is entitled to reimbursement and indemnification of, at a minimum, ACE's 1/3 share of the defense fees and costs incurred in the Thoele Action, because the loss arose out of Mainfreight's auto liability exposure and ACE acknowledged coverage, yet failed to honor its contractual obligation to defend Mainfreight.

39. ACE is primarily, exclusively, and/or in-part liable for the defense costs of Mainfreight, and thus in equity is required to reimburse Plaintiff for ACE's equitable share of said defense costs.

40. Therefore, the Club is entitled to equitable indemnity from ACE for the amounts it paid to defend against the Thoele Action on Mainfreight's behalf.

## THIRD CAUSE OF ACTION: EQUITABLE SUBROGATION

41. Plaintiff repeats and realleges the facts and allegations in the preceding paragraphs, as if fully set forth herein.

42. Mainfreight suffered a loss for which Defendant is liable, because Defendant failed to defend Mainfreight and/or pay defense costs incurred by Mainfreight in breach of Defendant's obligations under the ACE Policy.

43. Plaintiff pleads in the alternative that the loss caused by Defendant is not one for which Plaintiff is primarily liable.

44. Plaintiff has compensated Mainfreight in whole or in part for the same loss, for which Defendant is primarily liable.

45. Plaintiff paid the loss to protect Mainfreight and to protect Plaintiff's own interests, and not as a volunteer.

46. Mainfreight has a present and assignable right of action against Defendant.

47. Mainfreight could have asserted its right of action against Defendant for its own benefit, had it not been compensated for its loss by Plaintiff.

48. Equity and justice require that the loss be shifted in its entirety from the Plaintiff to Defendant, as Defendant's equitable position is inferior to Plaintiff's equitable position.

49. Plaintiff's damages are in a liquidated sum and constitute the amount paid by Plaintiff to defend Mainfreight.

50. Therefore, Plaintiff is entitled to equitable subrogation from Defendant for the amounts it paid to defend against the Thoele Action on Mainfreight's behalf.

## FOURTH CAUSE OF ACTION: DECLARATORY RELIEF

51. Plaintiff repeats and realleges the facts and allegations in the preceding paragraphs, as if fully set forth herein.

52. An actual controversy has arisen and now exists between Plaintiff and ACE concerning ACE's payment of its share of defense costs in connection with the Underlying Action or the conduct alleged therein.

53. Plaintiff is informed and believes, and based thereon alleges that ACE disputes ACE's contentions herein, such that this dispute is ripe for adjudication.

54. Accordingly, and pursuant to 28 U.S.C. § 2201 and 2202, Plaintiff requests a declaration from this court that ACE has a duty to defend Mainfreight in connection with the Underlying Action or the conduct alleged therein.

## V. PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests the following relief:

1. For equitable indemnity against ACE for ACE's share of defense fees and costs incurred in connection with the Thoele Action, plus interest;

2. For equitable contribution of all sums paid by the Club in defense of Mainfreight, or in the alternative, reimbursement of ACE's equitable share of those defense costs;

3. Alternatively, for equitable subrogation of all sums paid by the Club in defense of Mainfreight, or in the alternative, reimbursement of ACE's equitable share of those defense costs;

4. An order directing ACE to pay equitable contribution, equitable indemnification, or alternatively equitable subrogation to the Club of amounts the Club paid to defend the underlying Thoele action on behalf of Mainfreight;

5. An adjudicated declaration that ACE has a duty to defend Mainfreight in connection with the Underlying Action or the conduct alleged therein, such that ACE is required to reimburse the Club as Mainfreight's insurer for ACE's share of amounts paid by the Club to defend the underlying Thoele action;

6. Attorneys fees and costs as may be allowed under applicable law;

7. Pre-judgment and post-judgment interest on any payments awarded; and

8. Any other relief this Court deems just and appropriate.

Dated: September 26, 2024         COLLIER WALSH NAKAZAWA LLP

By: ___/s/ Anusha Pillay___
Ellen McGlynn
Anusha Pillay
Attorneys for TT CLUB MUTUAL INSURANCE LTD.